FILED
CLERK

2012 DEC -7 PM 12:06

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

DI-JOUR BARROW,

CV 12-6041

COMPLAINT

Plaintiff,

Jury Trial Demanded

-against-

CITY OF NEW YORK; Police Officer NICHOLAS SOFOKLES, Shield No. 12005; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

AMON, CH.J.

POLLAK, M.J.

Defendants.

-------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Di-Jour Barrow ("plaintiff" or "Mr. Barrow") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Nicholas Sofokles, Shield No. 12005 ("Sofokles"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sofokles is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:15 p.m. on December 11, 2011, plaintiff was lawfully within his neighbor's apartment located at 155 Seigel Street, apt. 2F, located in Brooklyn, NY.

13. Plaintiff and his neighbor, Jabari Thompson, had just finished playing basketball at the YMCA, when they decided to stop by Thompson's residence so that Thompson could change out of his basketball clothes.

14. Plaintiff was in the living room of Thompson's apartment for approximately ten minutes, when members of the New York City Police Department, dressed in riot gear, forcibly entered the residence.

15. Defendants screamed at plaintiff and pointed guns in his face.

16. Plaintiff and eight other occupants of the apartment were then placed in handcuffs, were forcibly removed them from the residence and taken to a police van.

17. Defendants never informed plaintiff why he was being arrested.

18. Defendants later claim to have recovered two guns and ammunition from underneath a refrigerator in the apartment.

19. The officers transported plaintiffs to the 90th precinct where he was placed in a police cell.

20. At the precinct, the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a weapon and ammunition.

21. At no point did defendants observe plaintiff possess a weapon and ammunition.

22. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful arrest of plaintiff.

23. Plaintiff was transported from the 90th precinct to Central Booking.

24. After approximately forty-eight hours in custody, plaintiff was released.

25. Plaintiff was forced to appear in King County Criminal Court on numerous occasions.

26. Ultimately, all charges against plaintiff were dismissed.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

28. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

37. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 3, 2012
         New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*